[Cite as *Albanese v. Ohio Dept. of Transp.*, 2009-Ohio-7144.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PETER ALBANESE

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2009-05552-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Peter Albanese, filed this action against defendant, Department of Transportation (ODOT), alleging the windshield on his automobile was damaged while traveling through a construction zone on Interstate 90 in Lake County. Plaintiff recalled his damage incident occurred at approximately 7:00 a.m. on May 5, 2009. Plaintiff described the damage event noting: "a rock came up from the highway (Interstate 90 Westbound) and struck my windshield causing it to chip." Plaintiff asserted rock debris were left on the roadway after defendant's contractor, The Shelly Company (Shelly), had milled the roadway pavement the night before in preparation for repaving. Plaintiff related "[t]here was debris flying everywhere that morning since the highway was just opened at approx 6 am." Plaintiff seeks damages in the amount of $300.00, the stated cost of a replacement windshield. The filing fee was paid.

{¶ 2} Defendant acknowledged that the area where plaintiff's described damage event occurred was located within the limits of a construction project under the control of ODOT contractor Shelly. Defendant explained the particular project "dealt with grading, planning and resurfacing with asphalt concrete on I-90 between county

mileposts 1.88 to 7.80 in Lake County." Defendant asserted that Shelly, by contractual agreement, was responsible for any roadway damage occurrences or mishaps within the construction zone. Therefore, ODOT argued that Shelly is the proper party defendant in this action. Defendant implied all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. All work by the contractor was to be performed in accordance with ODOT mandated specifications and requirements and subject to ODOT approval.

{¶ 3} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, , 2003-Ohio-2573, 788 N.E. 2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 79, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contention that ODOT did not owe any duty in regard to the construction project,

defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 5} Alternatively, defendant argued that neither ODOT nor Shelly had any knowledge "of debris flying around from the traffic on I-90" prior to plaintiff's described damage occurrence. ODOT records indicate no calls or complaints were received regarding debris left on the roadway from milling prior to plaintiff's incident. Defendant contended plaintiff failed to produce evidence establishing that his property damage was attributable to any conduct on either the part of ODOT or Shelly. ODOT records (copies submitted) show milling operations were conducted on Interstate 90 West during the early morning hours of May 5, 2009. Both ODOT and Shelly records (copies submitted) indicate the milled roadway was swept of debris by a Shelly sub-contractor, ending at 3:45 a.m. on May 5, 2009. Shelly insisted the milling operation and follow-up sweeping operation were performed in compliance with ODOT specifications.

{¶ 6} Generally, in order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff, in the instant claim, has alleged that the damage to his vehicle was directly caused by construction activity of ODOT's contractor prior to May 5, 2009.

{¶ 7} "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank*

*of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.  This court, as trier of fact, determines questions of proximate causation.  *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 8}  In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public.  *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112.  In fact, the duty to render the highway free from unreasonable risk of harm is the precise duty owed by ODOT to the traveling public both under normal traffic conditions and during highway construction projects.  See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.  Plaintiff has failed to prove his damage was proximately caused by any negligent act or omission on the part of ODOT or its agents.  See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PETER ALBANESE

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2009-05552-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE DETERMINATION


        Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.


                                                    _____
                                                    DANIEL R. BORCHERT
                                                    Deputy Clerk


Entry cc:


Peter Albanese                          Jolene M. Molitoris, Director
9624 LaSalle Lane                       Department of Transportation
Mentor, Ohio  44060                     1980 West Broad Street
                                        Columbus, Ohio  43223

RDK/laa
10/2
Filed 10/20/09
Sent to S.C. reporter 2/12/10